BEER, Judge.
In 1966, appellee, Time Saver Stores, Inc., entered into a 5-year commercial lease (with two additional 5-year options [1]) with Bert Leasing Corporation. The property, 5040-5042 West Esplanade Avenue in Me-tairie, was subsequently sold (and the lease assigned) to Bernard Samuel, who then resold the property and reassigned the lease to his daughter, Barbara Gail Samuel, appellant. The lease provides for the payment (whichever greater) of a stipulated base monthly rental of 2V2% of annual gross sales, and further provides that Time Saver have the right to sublease all or any portion of the leased premises without the lessor’s permission. Lessor agreed not to lease or sell other of its property within a one-mile radius to lessee’s competitors.
Up until the time of the events which precipitated this suit, gross sales had not ever reached the amount at which lessor could claim that the gross sales of Time Saver entitled her to a gross sales percentage rental. Thus, the stipulated monthly rental payments were made and accepted without objection.
In August, 1973, Time Saver notified Samuel of its intention to vacate and, thereafter, to sublet the premises, which was subsequently accomplished without objection. In full accordance with the terms of the lease, Time Saver continued to pay the monthly rental. Earlier in 1973, Time Saver had opened a new location at 4431 Transcontinental Drive (approximately two blocks from the lessor’s premises); however, it was not until 1977 that Samuel sought to cancel the lease, alleging that Time Saver had, by opening the new location, breached an implied continuous operating agreement. She contends, in 1977, that the action taken in 1973 has deprived her of the possibility of receiving percentage rentals and constitutes a breach of the lease, entitling her to cancel same. The trial judge, in dismissing her suit, observed that he found no restriction in the lease against Time Saver relocating within a one-mile radius; believed that Samuel must have been aware of, and had not objected to, the new location; concluded that the relocation made good business sense and was neither restricted by the lease nor the basis for cancellation thereof. Samuel de-volutively appeals. We affirm.
W. J. Murphy, former executive vice president and general manager of Time Saver, testified that his company vacated the West Esplanade location because it was no longer a good location for a convenience store because gas pumps could not be installed on the property. Though apparently unoccupied for some period, the leased premises are now occupied by a veterinarian and a plant store which, according to Samuel, pay a greater gross monthly rental to Time Saver than the monthly rental paid by Time Saver to Samuel.
The lease contains no prohibition against lessee’s opening of other stores within a one-mile radius; nor any requirement that Time Saver must continuously operate a food store on the leased premises for the term of the lease. Appellant strongly relies upon Slidell Investment Company v. City Products Corporation, 202 So.2d 323 (La. App. 1st Cir. 1967), involving a somewhat similar situation but clearly distinguished from the facts of this case.
Here, the trial judge concluded that Samuel had knowledge of Time Saver’s reloca *255 tion from the outset and waived any right to object.
We are of the view that the facts correctly determined by the able trial judge support the conclusion that Samuel, an experienced realtor and shopping center owner, knew of and sanctioned the move by Time Saver. Even more compelling, in our view, is the fact that lessor knew or should have known that the language of this particular lease effectively permitted an unrestricted sublease of the premises. Examination of the document shows that the usual (and far more stringent) sublease provisions have been struck out and in their place is a very basic provision that requires Time Saver to do no more than “remain primarily responsible” for the rent.
Appellant is obviously distraught at the prospect of a continued commitment to a lease which is — at least at present — producing a mild bonanza for the lessee, but neither the terms and provisions of the agreement nor the actions of the parties provide any valid basis for overturning the lessor’s commitment.
The judgment of the Civil District Court for the Parish of Orleans is affirmed, at appellants’ cost.

AFFIRMED.

. With incremental increases of the monthly rent.